COWART, Judge,
concurring specially:
I am for an affirmance in this case because I cannot agree with the contention of defendant’s counsel that it was unfair, improper, and prejudicial for the trial judge to require counsel to make an opening statement to the entire jury venire before the particular jury to try the case was selected and sworn. I do not know why the trial judge did this but it is neither a due process violation nor a reversible procedural violation. No prejudice is shown it is only contended by defense counsel. Certainly counsel usually make opening statements after the particular jury to try the case is selected and sworn but no procedural rule or statute mandates it. Florida Rules of Criminal Procedure 3.370 through 3.430 govern the conduct of criminal trials and they do not direct that opening statement of counsel be made only after the jury is sworn. The rule is that the trial judge has discretion to direct and control the order of trial in the absence of an authoritative rule or statute. Perhaps this trial judge is concerned with the serious problem and hazards of declaring, because of improper opening statements by the prosecutor, a mistrial after the jury is sworn in a criminal case.
Too often procedural rules governing trial courts have been promulgated by committees composed of individuals with far less experience than those governed by the rules. Trial judges should be permitted more leeway in the exercise of their discretion in the conduct of trials in order to encourage them to innovate in efforts to develop improved methods and procedures.